IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TONY RANDALL LOGAN,            )
                               )
         Petitioner,           )
                               )    1:12CV699
    v.                         )    1:09CR12-1
                               )
UNITED STATES OF AMERICA,      )
                               )
         Respondent.           )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Tony Randall Logan, a federal prisoner, brings a Motion [Doc. #26][1] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was convicted in this Court of one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He received a sentence of 188 months imprisonment as an Armed Career Criminal. In Petitioner's Motion, he raises a single claim asserting that his conviction and sentence are no longer valid following United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because he did not receive more than a year of imprisonment for the predicate felonies supporting his conviction and the Armed Career Criminal enhancement. The Government filed a Response [Doc. #32] opposing relief.

---

[1] This and all further cites to the record are to the criminal case.

Petitioner's Motion should be denied because he clearly remains a felon and an Armed Career Criminal following Simmons. A defendant is a convicted felon for purposes of § 922(g)(1) if he has a prior conviction for a crime "punishable by imprisonment for a term exceeding one year." Under 18 U.S.C. § 924(e)(1), a defendant is subject to enhanced sentencing penalties if he has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . ." A "serious drug offense" includes an offense under state law involving manufacturing, distributing, or possessing with intent to distribute a controlled substance, for which a maximum term of imprisonment of ten years or more is prescribed by law. A "violent felony" includes any crime punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use, or threatened use of physical force against the person of another, as well as burglary.

In this case, Petitioner's status as an Armed Career Criminal is supported by numerous convictions for breaking and entering, all of which are listed in the Indictment. They are: a breaking and entering conviction obtained in Randolph County, North Carolina, on May 2, 2001, a conviction for two counts of breaking and entering obtained in Guilford County, North Carolina, on April 9, 2001, a further conviction for breaking and entering obtained in Guilford County on June 22, 1995, a conviction for eight counts of breaking and entering obtained in Wilkes County, North Carolina, on April 24, 1995, and one additional conviction for breaking and entering obtained in Guilford County on February 2, 1990. The Presentence Report reveals that in each instance, Petitioner not only faced, but actually

received, sentences in excess of a year of imprisonment for each of these convictions. (Presentence Report, ¶¶ 38, 40, 41, 46, 48.) Even if Petitioner did not serve more than a year in prison or some of the sentences were suspended, this would not affect the determination. See United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012) (unpublished) (stating "the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment"); United States v. Swann, 526 F. App'x 265 (4th Cir. 2013) ("In his pro se brief, Swann appears to argue that, because his sentence was suspended, it did not qualify as a predicate offense. However, a qualifying predicate felony is one for which Swann himself could have been sentenced to a prison term exceeding one year. It is not required that Swann was actually sentenced to serve (or did in fact serve) over one year."); United States v. Harris, 458 F. App'x 297 (4th Cir. 2011). Therefore, Petitioner is properly classified as a felon and an Armed Career Criminal even after Simmons and his Motion should be denied.[2]

Following the briefing of his § 2255 Motion, Petitioner filed two further Motions. The first is a Motion [Doc. #37] seeking to amend his § 2255 to have the Court consider the recent cases of Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013), and Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276, 2282 (2013). The Court will allow the amendment, but these cases do not provide Petitioner with any relief. Alleyne relates to the findings of fact that trigger statutory mandatory minimum sentences, but Alleyne would not

---

[2] The Government also asserts a statute of limitations defense. However, the Court need not reach the statute of limitations bar, or any potential exceptions to that bar, since Petitioner's claim is without merit in any event.

3

affect Petitioner's sentence under 18 U.S.C. § 924(e), which involved a statutory mandatory minimum based on prior convictions. Cf. Almendarez-Torres v. United States, 523 U.S. 224 (1998). Moreover, Alleyne has not been applied retroactively on collateral review. See United States v. Stewart, 540 F. App'x 171 (4th Cir. 2013) (noting that Alleyne has not been made retroactively applicable to cases on collateral review). As for Descamps, that case addressed the use of the "modified categorical approach," and any challenge raised under that case would appear to relate to Petitioner's prior breaking and entering convictions. However, Descamps does not affect the prior determination of the United States Court of Appeals for the Fourth Circuit that North Carolina breaking and entering convictions are predicate felonies under the Armed Career Criminal Act. United States v. Terry, 547 F. App'x 367, 368 (4th Cir. 2013); United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014). Petitioner's other Motion [Doc. #38] seeks to dismiss the Indictment for lack of federal jurisdiction. This claim is frivolous. Petitioner cites to the case of Adams v. United States, 319 U.S. 312 (1943), but that case is inapposite because it dealt with the requirements for prosecuting a defendant accused of committing an offense "within the special maritime and territorial jurisdiction of the United States." In the present case, jurisdiction was not based on commission of the offense on federal property, but was instead based on possession of the firearm "in or affecting commerce" as required by 18 U.S.C. § 922(g). See Scarborough v. United States, 431 U.S. 563 (1977); United States v. Nathan, 202 F.3d 230 (4th Cir. 2000). Petitioner's Motion to Dismiss should be denied.

4

IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. #37] seeking to amend his § 2255 Motion is GRANTED.

IT IS RECOMMENDED that Petitioner's Motion [Doc. #26] to vacate, set aside, or correct sentence, as amended, and Motion to Dismiss [Doc. #38] be denied, and that this action be dismissed.

This, the 6th day of July, 2015.

    /s/ Joi Elizabeth Peake
    United States Magistrate Judge