IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TONY RANDALL LOGAN,           )
                              )
            Petitioner,       )
                              )    1:12CV699
      v.                      )    1:09CR12-1
                              )
UNITED STATES OF AMERICA,     )
                              )
            Respondent.       )


RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Tony Randall Logan, a federal prisoner, brings a Motion to Amend [Doc. #42] seeking to amend his pending motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This Court recently entered a Recommendation [Doc. #40], recommending that Petitioner's § 2255 Motion [Doc. #26] be denied. Petitioner has now filed the present Motion to Amend, raising an additional claim. However, as discussed below, Petitioner's additional claim is without merit. Therefore, the Court recommends that the Motion to Amend also be denied.

Petitioner was convicted in this Court of one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He received a sentence of 188 months imprisonment as an Armed Career Criminal. Petitioner's § 2255 Motion originally raised a claim asserting that his conviction and sentence are no longer valid following United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). However, as discussed in

the Court's prior Recommendation, Petitioner remains a felon and an Armed Career Criminal following Simmons. As noted in the prior Recommendation, Petitioner's status as an Armed Career Criminal is supported by numerous convictions for breaking and entering, all of which are listed in the Indictment. They are: a breaking and entering conviction obtained in Randolph County, North Carolina, on May 2, 2001, a conviction for two counts of breaking and entering obtained in Guilford County, North Carolina, on April 9, 2001, a further conviction for breaking and entering obtained in Guilford County on June 22, 1995, a conviction for eight counts of breaking and entering obtained in Wilkes County, North Carolina, on April 24, 1995, and one additional conviction for breaking and entering obtained in Guilford County on February 2, 1990. The Presentence Report reveals that in each instance, Petitioner not only faced, but actually received, sentences in excess of a year of imprisonment for each of these convictions. (Presentence Report, ¶¶ 38, 40, 41, 46, 48.)

In his Motion to Amend, Plaintiff now attempts to raise a further challenge to his sentence based on the recent decision of the United States Supreme Court in United States v. Johnson, No. 13-7120, 2015 WL 2473450 (S. Ct. June 26, 2015). In Johnson, the Supreme Court held that the "residual clause" of § 924(e) is unconstitutionally vague. That "residual clause" provides that a predicate "violent felony" for purposes of the Armed Career Criminal determination includes any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). However, the Court of Appeals for the Fourth Circuit has held that North Carolina breaking and entering convictions are violent felonies not under the residual clause, but instead because they are categorically within the enumerated offense of burglary. United States v. Mungro, 754 F.3d

267, 272 (4th Cir. 2014) ("The ACCA defines 'violent felony' to include, as relevant here, any offense that 'is burglary'" and "N.C. Gen. Stat. § 14–54(a), as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary . . . . N.C. Gen. Stat. § 14–54(a) therefore qualifies as an ACCA predicate offense under 18 U.S.C. § 924(e)(2)(B)(ii)."); United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1982) ("[C]onvictions under North Carolina law for breaking or entering under N.C.G.S. § 14-54 qualify as generic burglaries under the *Taylor* case and justify an enhancement of punishment under § 924(e)(2)(B)(ii)."). Thus, it does not appear that Johnson would affect the determination in Petitioner's case, even if his claims are considered on the merits. Cf. Johnson, 2015 WL 2473450 ("Today's decision does not call into question application of the Act to the four enumerated offenses."). Therefore, there is no basis to stay this matter or require further briefing on this point. As such, Petitioner's Motion to Amend should be denied

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Amend [Doc. # 42] be denied, and that this action be dismissed.

This, the 28th day of July, 2015.

                                              /s/ Joi Elizabeth Peake
                                              United States Magistrate Judge